JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-1696-DOC (JCGx)                    Date:  December 16, 2016

Title: SAMUEL B. MILLER ET AL. V. HEAD USA, INC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Deborah Goltz                          Not Present
Courtroom Clerk                       Court Reporter

ATTORNEYS PRESENT FOR          ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANT:
None Present                          None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING**
**DEFENDNAT'S MOTION TO**
**DISMISS [26]**

        Before the Court is Defendant Head USA, Inc.'s ("Head" or "Defendant") Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion") (Dkt. 26). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the parties arguments, the Court GRANTS the Motion.

**I.    Background**

        The following facts are drawn from the Plaintiffs' First Amended Complaint ("FAC") (Dkt. 24).

        Plaintiff Samuel Miller, also known as Bode Miller ("Bode" or "Miller"), is a professional ski racer who has won numerous Olympic and World Championship medals. FAC ¶¶ 20–25. Plaintiff Bomber, LLC ("Bomber") is a purveyor of ski equipment and a Delaware corporation. *See id.* ¶¶ 2, 40.

        Defendant Head is incorporated in Delaware and has its principle place of business in Boulder, Colorado. *Id.* ¶ 3. Head sells ski equipment and was Miller's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-1696-DOC (JCG)                    Date: December 16, 2016
                                                                Page 2

longtime sponsor. *See id.* ¶¶ 28–31. The two first signed a sponsorship deal in May
2006. *See id.* ¶ 28. Subsequent amendments to that agreement extended Miller's
sponsorship deal with Head until April 30, 2016. *See id.* ¶¶ 29–31. The sponsorship
agreements provided that Miller was to exclusively use and promote Head's skiing
equipment. *See id.* Ex. 1.

Miller met Robert Siegel ("Siegel"), one the principals of Bomber, in 2014. FAC
¶ 40. Siegel shared with Miller his vison of "developing Bomber skis into a high end
luxury brand, manufacturing only skis of the highest quality." *Id.* Miller was interested
in working with Bomber "to make skiing more enjoyable by participating in the design
and production of superior quality skis." *Id.*

In February 2015, Miller crashed during a competitive race, "gashing" his
hamstring tendon and putting him out of commission for the duration of the season. *Id.* ¶
33. Following his injury, Miller "decided to explore opportunities outside of ski racing
where he could remain involved in the industry and utilize his talents to grow his income
through business endeavors that did not require his racing." *Id.* ¶ 34. Ultimately, Miller
decide to retire from ski racing so that he could negotiate the termination of his
exclusive contract with Head and collaborate with Bomber on its product line. *Id.* ¶ 41.

In May 2015, Miller and Head signed a "Termination Agreement." *Id.* ¶ 35. The
Termination Agreement provided that

> Head and Bode specifically agree that (1) no monetary compensation
> is owed each other, (2) Head will cease to use Bode's endorsement
> immediately, (3) and Bode will not compete in World Cup or World
> Championship ski racing events for two full calendar years from the
> date of this Termination Agreement.

*Id.* Ex. 5. The agreement terminated the sponsorship deal between the Miller and Head.
*See id.*

Following the consummation of the Termination Agreement, Miller "began
serving in the roles of brand ambassador and product development for Bomber." *Id.* ¶
42. However, subsequently Miller decided to "explore the possibility of coming out of
retirement so that he could obtain quality endorsements to protect his family's financial
future." *Id.* ¶ 43.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-1696-DOC (JCG)                    Date: December 16, 2016
                                                                          Page 3

Subsequently, Miller announced his intent to participate in the 2016/2017 competitive ski season and to race on Bomber skis. *Id.* ¶ 50. In response to this announcement, Head sent letters to Miller, Bomber, and Siegel stating that Head would initiate legal action if the Termination Agreement was breached. *Id.* ¶ 44–46.

### B. Procedural History

Plaintiffs filed their Complaint on September 12, 2016 (Dkt. 1). In the operative complaint, the FAC, Plaintiffs bring claims for: (1) declaratory judgment invalidating the Termination Agreement under California Business and Professions Code § 16600, and (2) declaratory judgment holding that Bomber did not tortiously interfere with a contract between Miller and Head.[1]

On November 21, 2016, Defendant filed the instant Motion. Plaintiffs opposed on November 28, 2016 (Dkt. 27), and Defendant replied on December 5, 2016 (Dkt. 28).

### II.   Legal Standard

Under Rule 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long-arm statute is coextensive with federal due process requirements, the personal jurisdiction analysis under state and federal law are the same. *See* Cal. Civ. Proc. Code § 410.10; *see also Roth v. Garvia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In deciding personal jurisdiction, courts may consider evidence presented in affidavits and declarations. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Plaintiffs bear the burden of showing that courts have personal jurisdiction over defendants. *See Pebble Beach*, 453 F.3d at 1154. Absent formal discovery or an

---

[1] The Plaintiffs also include a third claim for relief that reads, in its entirety, "Bode incorporates the allegations contained in paragraphs 1 through 50. The ability to freely compete with Defendant has resulted in damage to Bode." FAC ¶¶ 58–59. The Court cannot discern what type of claim Plaintiffs are bringing, nor what type of relief they are seeking via their third claim. Accordingly, the Court will not address this claim.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-1696-DOC (JCG)                    Date: December 16, 2016
                                                              Page 4

evidentiary hearing, "this demonstration requires that the plaintiff make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quotations omitted). To make this prima facie showing, a plaintiff can rely on the allegations in its complaint to the extent that the moving party does not controvert those allegations. *See Doe*, 248 F.3d at 922.

If the defendant adduces evidence controverting the allegations, however, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). "Conflicts between [the] parties over statements contained in the affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) ("In determining whether [the plaintiff] has met this burden, uncontroverted allegations in [the] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists."). *Schwarzenegger*, 374 F.3d at 800.

### III.    Discussion

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack for personal jurisdiction, under Rule 12(b)(3) for improper venue, and under Rule 12(b)(6) for failure to state a claim. *See generally* Mot. The Court agrees with Defendant that the Court lacks personal jurisdiction over Defendant, and therefore does not reach Defendant's other arguments.

#### a.  Personal Jurisdiction

Due process requires that a defendant must have such "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. There are two recognized bases for exercising jurisdiction over a nonresident defendant: (1) "general jurisdiction," which arises where defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum give rise to the claim in question. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050–51 (9th Cir. 1997). Plaintiffs are not presently arguing the Court has

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-1696-DOC (JCG)                    Date: December 16, 2016
                                                                                    Page 5

general jurisdiction over Head. *See* Opp'n at 2 n. 3. Thus, the Court need consider only whether there has been a showing of specific jurisdiction.

A court has specific jurisdiction when three requirements are met. First, the defendant must have "purposefully direct[ed] his activities or consummate some transaction with the forum or resident thereof; or perform[ed] some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger*, 374 F.3d at 802). Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* Third and finally, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* It falls to a plaintiff to demonstrate the first two prongs of the test have been met. *Id.* If a plaintiff makes that showing, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

A court's jurisdictional inquiry varies somewhat depending on the nature of the claim at issue. *Picot*, 780 F.3d at 1212. For claims sounding in contract, courts typically apply the "purposeful availment" test and ask whether a defendant has "purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (internal citations omitted). By contrast, when a claim sounds in tort a court applies the "purposeful direction" test. *Id.* Under that test, courts assess whether the defendant directed her actions at the forum state, regardless of where her actions took place. *Id.* "A claim for declaratory judgment as to the existence of a contract is an action sounding in contract." *Id.* (citing *Stanford Ranch, Inc. v. Md. Cas. Co*., 89 F.3d 618, 625 (9th Cir.1996)). Therefore, the Court will employ the "purposeful availment" test here.

"[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (citing *Burger King Corp.,* 471 U.S. at 478). Instead, a defendant's own actions must create a "substantial connection to the forum state." *Picot*, 780 F.3d at 1212. Merely "random, fortuitous, or attenuated" contacts are not sufficient. *Burger King Corp.,* 471 U.S. at 475 (internal quotation marks omitted). The Defendant must have taken some type of "affirmative" action "which allows or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir.1988)). In determining whether such contacts exist, a court considers "prior negotiations and contemplated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-1696-DOC (JCG)                                    Date: December 16, 2016
                                                                                        Page 6

future consequences, along with the terms of the contract and the parties' actual course
of dealing." *Burger King*, 471 U.S. at 479.

Once purposeful availment is satisfied, the Ninth Circuit applies a "but for" test to
determine whether claims "arise out of" the Defendants contact with the forum.
*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123
(9th Cir. 2002). Plaintiffs suggest the Court should apply the "substantial connection"
test used by some California courts in lieu of the Ninth Circuit's "but for" test. *See*
Opp'n at 14. The Court will not do so.

As noted, California's long-arm statute authorizes personal jurisdiction to the
extent permitted by the Due Process Clause of the Constitution. *See* Cal. Civ. Proc. Code
§ 410.10; *see also Roth*, 942 F.2d at 620. Accordingly, whether specific jurisdiction is
proper in California is a question of federal constitutional law. On questions of federal
constitutional law, this Court is bound by the decisions of the Ninth Circuit and applies
the tests laid out by the Ninth Circuit. Therefore Plaintiffs must show they would not
have been injured "but for" Head's marketing and sales activities in California.

Here, Plaintiffs argue there are two sets of contacts that serve as the basis for
establishing specific jurisdiction. First, Plaintiffs point to Head's advertising and sales
activities in California. Opp'n at 12–13. Specifically, Plaintiffs contend that Head
advertises its products to people living in California and employs California sales
representatives. Bode Decl. ¶¶ 11–12.

Even assuming for the sake of argument that these contacts satisfy the purposeful
availment test, these contacts are not the "but for" cause of Plaintiffs' alleged injury. The
alleged harm to Plaintiffs arises out of the Termination Agreement that Miller and Head
signed. Defendant selling or marketing products in California is not the "but for" cause
of the creation of the Termination Agreement. To put it another way, there is no reason
to think that had Defendant not been marketing or selling items in California, the parties
would not have entered into the Termination Agreement. Accordingly, these contacts
cannot serve as the basis for specific jurisdiction.

Second, Plaintiffs argue specific jurisdiction is proper because Miller is a
California resident and was at the time the Termination Agreement was signed.
Declaration of Samuel Miller ("Bode Decl.") ¶3; Opp'n at 13. Defendants suggest Miller
may not be a California resident. *See* Mot. at 2, 10 n.6, 11. However, even assuming
Miller is a California resident, this fact would be insufficient to establish purposeful
availment.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-1696-DOC (JCG)                    Date: December 16, 2016
                                                                          Page 7

In *Picot*, the plaintiff, a California resident, brought a contract claim against the defendant, a resident of Michigan. *Picot*, 780 F.3d at 1209. The Ninth Circuit determined that a California federal court lacked personal jurisdiction over the defendant. *Id.* The court pointed out that the agreement was formed in Michigan, the defendant lived Michigan, it was understood that the defendant would perform his work in Michigan, and the defendant did indeed discharge most of his contractual duties there. *Id.* at 1212. The Court was unmoved by the fact that the plaintiff had fulfilled his obligations under the contract in California, or that the defendant had made trips to California during the course of performance. *Id.* at 1213.

Here, Plaintiffs do not assert that the agreement was formed in California or that any part of either parties' performance took place in California. Nor have plaintiffs shown that Defendant had any contact with California during the course of performance. Instead, Plaintiffs suggest that the mere fact that Miller is a California resident justifies jurisdiction, but the Ninth Circuit's opinion in *Picot* forecloses this outcome. *See id.* at 1209–12. Miller's alleged California citizenship cannot form the basis for this Court's personal jurisdiction over Head.[2]

Accordingly, the Court finds it does not have personal jurisdiction over Defendant.

### b. Additional Discovery

Plaintiffs ask that if the Court finds it does not have personal jurisdiction, it allow Plaintiffs limited jurisdictional discovery so that Plaintiffs can attempt to gather evidence sufficient to establish general jurisdiction. Opp'n at 9 n.4. The Court declines to do so.

Plaintiffs rightly point out that limited discovery should be allowed when it can help resolve issues of fact presented by a motion to dismiss on jurisdictional grounds. *See Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968). However, a district court need not allow discovery "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *see also Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540

---

[2] Further, the Court notes that the letters that Head sent to the Plaintiffs informing them of Head's intent to enforce the contract cannot establish personal jurisdiction, as "[a] cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006) (en banc).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-1696-DOC (JCG)                               Date: December 16, 2016
                                                                                    Page 8

(9th Cir. 1986) (holding that a district court did not abuse its discretion by refusing jurisdictional discovery where the plaintiffs "state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").

Here, Defendant has provided a declaration outlining its operations in California. *See* Declaration of Klaus Hotter ¶¶ 37–46. Plaintiffs did not explain what type of evidence they hope to turn up through further discovery that would demonstrate this Court has general jurisdiction and contradict the declaration. "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *See Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (internal citations and alterations omitted).

Accordingly, the Court GRANTS Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and DENIES Plaintiffs' request for additional discovery.

## IV.    Disposition

The Court GRANTS Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and DENIES Plaintiffs' request for additional discovery. Plaintiffs' Complaint is DISMISSED in its entirety.

Accordingly, the hearing set for December 19, 2016 is VACATED.

The Clerk shall serve this order on the parties.

MINUTES FORM 11                                                Initials of Deputy Clerk: djg
CIVIL-GEN